UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KELLY MCGOFFNEY, individually and on behalf of the estate of CARRIE ETTA MILLS-MCGOFFNEY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2:21-cv-00478-JRS-DLP ) |
| MATTHEW KINCAID, in his official capacity as the special judge in Vigo County Probate Court/Superior Court 1, and VIGO COUNTY PROBATE COURT, | ) ) ) ) ) |
| Defendants. | ) |

**Order on Motion to Dismiss**

I.   **Introduction**

This is the aftermath of a state probate case. Plaintiff Kelly McGoffney, formerly personal representative of the estate of her deceased mother Carrie Etta Mills-McGoffney, seeks redress for alleged errors in the state court. Defendants are the state court judge Matthew Kincaid and the state court itself.

Now before the Court are Defendants' Motion to Dismiss, (ECF No. 25), Plaintiff's Motion for Leave to File Amended Complaint, (ECF No. 60), and Plaintiff's Renewed Motion for the Appointment of Counsel, (ECF No. 65).

II.   **Procedural Matters**

The docket here is somewhat irregular, but the Court has everything before it necessary to resolve the case. *See* Fed. R. Civ. P. 1 (The Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy,

and inexpensive determination of every action and proceeding."). Because the Court's duty is to do justice, *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 740 (7th Cir. 1998), and "'mere technicalities' should not stand in the way of consideration of a case on its merits," *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988), the Court will rearrange the papers to enable swift disposition on the substantive arguments.

Defendants' Motion to Dismiss, (ECF No. 25), raises factual challenges to this Court's jurisdiction. It nominally addresses McGoffney's initial Complaint, (ECF No. 1), which was the operative complaint when the motion was filed, but its arguments are not facial challenges that depend on the wording of the complaint. The Court, then, does not prejudice Defendants by giving McGoffney the benefit of amendment: the Court grants her Motion for Leave to File Amended Complaint, (ECF No. 60), and deems the attached Amended Complaint, (Ex. A, ECF No. 60), the operative one. The Court then deems renewed Defendants' Motion to Dismiss, (ECF No. 25), and considers the arguments raised there as applying to the Amended Complaint.

The Court believes this arrangement best to achieve the "just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1. As will be seen, further motion practice would be fruitless for either party; the Court harms no substantive interests by adjudicating this matter on the papers before it now.

### III. Background

McGoffney was personal representative for her mother's estate. (Pl.'s Amended Compl. 2, ECF No. 60-1.) For five years she pursued medical malpractice survival

actions on the estate's behalf. (*Id.*) As no recovery was forthcoming, and the assets of the estate were otherwise negligible, the state probate court in 2018 removed McGoffney as personal representative and closed the estate. (*Id.* at 3, 14.)

McGoffney appealed the state probate court decision to the Indiana Court of Appeals. (*Id.* at 4.) Her appeal was dismissed with prejudice on March 22, 2019. (*Id.*; *see also* In. Ct. App. Cause No. 19A-ES-150.) In 2020 McGoffney appealed again and lost again. (*Id.* at 5; *see also* In. Ct. App. Cause No. 20A-ES-1083.)

Undaunted, McGoffney filed suit in this Court on December 31, 2021. She believes that millions of dollars remain available to her mother's estate, in the form of secret barbecue sauce recipes, claims against bankruptcy estates, claims against Social Security, and medical malpractice survival actions. (Pl.'s Amd. Compl. 20–21, ECF No. 60-1.) She couches her claim here as a civil rights action under 42 U.S.C. § 1983, with supplemental claims under the Indiana Constitution. (*Id.*) McGoffney asks this Court to set aside the state court's orders in the probate case, to reopen the estate, to reappoint her personal representative, to renew the estate's medical malpractice survival actions, and to renew the estate's claims in the bankruptcy proceeding of one of the medical malpractice defendants. (*Id.*)

### IV. Discussion

Some redress is beyond the power of federal courts to give. Under the *Rooker-Feldman* doctrine, this Court has no subject-matter jurisdiction over appeals from state court judgments. *Ritter v. Ross*, 992 F.2d 750, 753 (7th Cir. 1993) (citing *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 21 (1987) (Brennan, J., concurring) and *Asarco*

3

*Inc. v. Kadish*, 490 U.S. 605, 622 (1989)). The doctrine blocks both direct appeals and appeals disguised as civil rights actions. *Id.* at 754 ("It is settled that 'a plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.'") (quoting *Hagerty v. Succession of Clement*, 749 F.2d 217, 220 (5th Cir. 1984), *cert. denied*, 474 U.S. 968 (1985) and collecting cases); *Walton v. Claybridge Homeowners Ass'n, Inc.*, 433 F. App'x 477, 478–79 (7th Cir. 2011) ("The *Rooker–Feldman* doctrine stripped the district court of jurisdiction to involve itself in Walton's blatant attempt at an appeal, notwithstanding her allegations that the state court's judgment runs afoul of the United States Constitution."). To determine whether the plaintiff makes a *de facto* appeal of a state court judgment, the Court will "look beyond the four corners of the complaint to discern the actual injury claimed by the plaintiff." *Johnson v. Orr*, 551 F.3d 564, 568 (7th Cir. 2008).

Here, McGoffney's suit is a "blatant attempt at an appeal," *Walton*, 433 F. App'x at 478; "[t]he thrust of [her] argument is that the state court's judgment was in error," *Johnson*, 551 F.3d at 569. McGoffney thinks there are millions in her mother's estate waiting to be claimed; she thinks the state court has foreclosed her winning them. Her injury is the state court decisions, and the remedy she seeks is to reopen the estate so she may continue her quest for the jackpot. The Court will not belabor the obvious: *Rooker-Feldman* bars the exercise of federal jurisdiction over McGoffney's suit. It must be dismissed.

## V.   Conclusion

The Court has no subject-matter jurisdiction over this case. All that remains is to resolve the docket:

As described in Section II, above, the Court **grants** Plaintiff's Motion for Leave to File Amended Complaint, (ECF No. 60), and **deems filed** Plaintiff's Amended Complaint, (Ex. A, ECF No. 60-1).

Defendants' Motion to Dismiss, (ECF No. 25), is then **deemed renewed** and **granted.**

Dismissal here is for lack of subject-matter jurisdiction under *Rooker-Feldman*; such dismissal must be without prejudice. *Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 576 (7th Cir. 2022). The *Rooker-Feldman* bar will apply to any renewed or amended claims McGoffney might bring regarding her mother's estate and the injuries arising therefrom. The proper course, then, is for the Court to dismiss without prejudice and deny leave to amend. *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 582 (7th Cir. 2019). The Court does so now: all McGoffney's remaining claims, in the Amended Complaint, (ECF No. 60-1), and elsewhere, are **denied without prejudice** for lack of subject-matter jurisdiction; leave for further amendment is preemptively **denied** as futile.

No argument by counsel could have overcome the jurisdictional issues here. McGoffney's Renewed Motion for the Appointment of Counsel, (ECF No. 65), is **denied as moot.**

The Court, in the interest of clarity, will separately enter a Rule 58 final judgment to indicate that, although the dismissal of McGoffney's claims is without prejudice, **this case is nonetheless closed.** *See Lauderdale-El*, 35 F.4th at 576–77 (citing *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016)).

**SO ORDERED.**

Date: 09/26/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

KELLY MCGOFFNEY
P.O. Box 10425
Terre Haute, IN 47801

Distribution by CM/ECF to registered counsel of record.