UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KELLY MCGOFFNEY, individually and on behalf of the estate of CARRIE ETTA MILLS-MCGOFFNEY, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:21-cv-00478-JRS-DLP<br>) |
| MATTHEW KINCAID, in his official capacity as the special judge in Vigo County Probate Court/Superior Court 1, and VIGO COUNTY PROBATE COURT, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**Order on Motion to Amend Order and Judgment**

This case was closed by Order of September 26, 2022, (ECF No. 69), and the accompanying Final Judgment, (ECF No. 70). Plaintiff Kelly McGoffney, formerly personal representative of the estate of her deceased mother Carrie Etta Mills-McGoffney, sought redress for alleged errors in state court probate proceedings. Defendants were the state court judge Matthew Kincaid and the state court itself. The case was dismissed on *Rooker-Feldman* grounds, because it amounted to an appeal of (multiple) state court decisions. As the Court previously wrote:

> McGoffney thinks there are millions in her mother's estate waiting to be claimed; she thinks the state court has foreclosed her winning them. Her injury is the state court decisions, and the remedy she seeks is to reopen the estate so she may continue her quest for the jackpot. The Court will not belabor the obvious: *Rooker-Feldman* bars the exercise of federal jurisdiction over McGoffney's suit. It must be dismissed.

(Order 4, ECF No. 69.) McGoffney has not given up her quest. Now before the Court is her "Plaintiff's Motion to Amend Order and Judgment." (ECF No. 83.)

## I. Legal Standard on Motion to Amend

McGoffney brings her motion under either Rule 59(e) or Rule 60. Fed. R. Civ. P. 59(e), 60. (Pl.'s M. 1, ECF No. 83.) Because McGoffney argues errors of law, the correct rule here is Rule 59(e). Fed. R. Civ. P. 59(e); *Obriecht v. Raemisch*, 517 F.3d 489, 493–94 (7th Cir. 2008) (explaining that Courts look to the substance of a motion to decide which rule to apply and that merits arguments invoke Rule 59(e)). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht*, 517 F.3d at 494 (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511–12 (7th Cir. 2007)).

## II. Discussion

McGoffney makes four arguments, each meritless, which the Court will address in turn.

First, McGoffney argues that the Court neglected to address her claims for compensatory damages. (Pl.'s M. 3, ECF No. 83.) Because the Court dismissed the whole case for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine, it did not need separately to consider monetary damages and injunctive relief. The dismissal included both; the Court's jurisdiction under *Rooker-Feldman* does not change based on the type of relief sought.

Second, McGoffney argues that the Court unfairly dismissed her request for counsel. (Pl.'s M. 5, ECF No. 83.) But the recruitment of counsel is a privilege—a costly privilege—and the Court retains discretion to award or deny it. *Navejar v. Iyiola,* 718 F.3d 692, 696 (7th Cir. 2013) (citing 28 U.S.C. § 1915(e)(1)). This case is meritless, and recruited counsel would be a waste. Besides, litigants requesting recruited counsel must first show that they made a reasonable attempt to secure private counsel. *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004). The Court must deny "out of hand" requests made without a showing of such effort. *Farmer v. Haas,* 990 F.2d 319, 321 (7th Cir. 1993). McGoffney has made no such showing. And even if the litigant cannot secure counsel with effort, "the court must examine 'whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it.'" *Navejar,* 781 F.3d at 696. McGoffney's filings are coherent; recruited counsel would be, again, a waste.

Third, McGoffney argues that Defendants' motion to dismiss was a Rule 12(b)(6) motion only, and that the Court improperly considered a *Rooker-Feldman* argument not raised by the parties. (Pl.'s M. 5, ECF No. 83.) But the Defendants did bring Rule 12(b)(1) arguments and did raise *Rooker-Feldman* arguments. (Br. Supp. 7–9, ECF No. 26 ("Plaintiffs' claims are barred by the Rooker-Feldman doctrine.").)

Fourth and finally, McGoffney argues that she was never given the Magistrate Judge's findings of fact and recommendation for the Order dismissing the case. (Pl.'s M. 8, ECF No. 83.) Here, though, no Magistrate Judge findings existed: the

dispositive motion was not referred to her. *See* Fed. R. Civ. P. 72(b)(1) (requiring the Magistrate Judge to produce findings "when assigned" a dispositive motion).

### III. Conclusion

McGoffney's "Plaintiff's Motion to Amend Order and Judgment," (ECF No. 83), is **denied.**

**SO ORDERED.**

Date: 10/26/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by U.S. Mail to:

    KELLY MCGOFFNEY
    P.O. Box 10425
    Terre Haute, IN 47801

Distribution by CM/ECF to registered counsel of record.